UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTIN FISHER,                                                    **DECISION**
                                        Plaintiff,                      **and**
        v.                                                          **ORDER**

CONAX TECHNOLOGIES, LLC,                              **14-CV-913S(F)**
CARL RESETARITS,
JOHN DRISCOLL,
SUE BLAZYNSKI,
GARY BARNHARD,
                                        Defendants.

APPEARANCES:        KRISTIN FISHER, *Pro Se*
                                424 Bullis Rd.
                                West Seneca, New York 14224

                                PHILLIPS LYTLE LLP
                                Attorneys for Defendants
                                JAMES D. DONATHEN, of Counsel
                                One Canalside
                                125 Main Street
                                Buffalo, New York   14203-2887

        In this employment discrimination case brought pursuant to Title VII and N.Y.

Human Rights Law, Plaintiff alleges workplace harassment based on her gender and

retaliation.  On January 26, 2015, the court calendared a scheduling conference

pursuant to Fed.R.Civ.P. 16(b) ("Rule 16(b)") for March 5, 2015 (Doc. No. 11).  On

March 2, 2015, Plaintiff filed a motion to "withdraw the lawsuit" based on Plaintiff's

representation that the EEOC had agreed to reopen her case which, according to

Plaintiff, revokes Plaintiff's right to sue (Doc. No. 15) ("Plaintiff's motion").  Plaintiff's

motion also requests that, in the event the EEOC's reconsideration of the administrative

complaint "with the EEOC allows it," Plaintiff be permitted to refile the instant action.

1

Although Plaintiff's motion does not specify that such requested permission to refile would be for the purpose of recommencing the instant action in this court rather than state court on Plaintiff's state claims, the court presumes this is Plaintiff's intent.

At the Scheduling Conference with the parties conducted on March 5, 2015 (Doc. No. 16), the court discussed in general terms Plaintiff's motion and in lieu of entering a Scheduling Order, directed Defendants to respond to Plaintiff's motion by March 26, 2015; Plaintiff's reply was directed to be filed by April 9, 2015. In accordance with the court's order, Defendants filed the Declaration of James D. Donathen ("Donathen Declaration") together with Exhibits A-G ("Defendants' Exh(s). ___") (Doc. No. 17) and a Memorandum of Law (Doc. No. 18) ("Defendants' Memorandum") on March 25, 2015; in reply, Plaintiff filed her Affidavit in Support of [Plaintiff's] Motion on April 10, 2015 (Doc. No. 20) ("Plaintiff's Affidavit"). Oral argument was not deemed necessary.

The relevant facts are as follows: Plaintiff filed her discrimination charge of sexual harassment on February 25, 2014. Defendants' Exh. D. On July 29, 2014, the local EEOC office issued to Plaintiff a right to sue letter ("the July 29, 2014 Notice of Plaintiff's Right to Sue") finding no basis to proceed with Plaintiff's charge and advising Plaintiff of her right to pursue an action in this court within 90 days. Defendants' Exh. A. Plaintiff commenced the instant action on October 27, 2014. Defendants' Memorandum at 1.

In the meantime, Plaintiff pursued her administrative complaint with the local EEOC office complaining her charge had been mishandled by the EEOC Regional Office eventually persuading the EEOC Regional Office to reopen her case. Plaintiff's Affidavit at 2. Several months after Plaintiff filed this action, specifically on March 7,

2015, Plaintiff received a letter from John E. Thompson, EEOC Regional Director, confirming Plaintiff's prior discussions with Mr. Thompson and advising Plaintiff of EEOC's intention to reconsider the agency's no cause determination as stated in the July 29, 2014 Notice of Plaintiff's Right to Sue and stating that such "notice of intent to reconsider vacates the letter of dismissal."  Defendants' Exh. B.

Although a court might ordinarily be expected to be eager to grant a request to withdraw a complaint, in this case where the Plaintiff's motion conditions Plaintiff's request upon granting Plaintiff the right to refile the instant action after the EEOC completes its intended reconsideration of Plaintiff's administrative charge, the court finds it is unable to do so for several reasons.

First, contrary to Plaintiff's apparent understanding based on her discussions with the EEOC, *see* Plaintiff's Affidavit at 1; Exh. A at 2, as the 90-day period within which to sue, required by 42 U.S.C. § 2000e-5(f)(1) ("§ 2000e-5(f)(1)"), had expired at the time EEOC announced on March 7, 2015 its intent to reconsider, EEOC's reconsideration is without legal effect upon the July 29, 2014 Notice of Plaintiff's Right to Sue. *See* 29 C.F.R. §1601.21(b)(1)(2014) ("If the 90 day period has expired, the charging party has filed suit, or the charging party had requested a notice of right to sue pursuant to [29 C.F.R.] §1601.28(a)(1) or (2), the notice of intent to reconsider will vacate the dismissal or letter of determination, will <u>but will not revoke the notice of right to sue</u>.") (underlining added).  *See Rosquist v. New York University Medical Center*, 1998 WL 702295, at *6 (S.D.N.Y. Oct. 7, 1998) (holding plaintiff cannot claim right to sue revived simply by EEOC's issuance of subsequent right to sue letters at Plaintiff's request where EEOC issued notice of reconsideration after expiration of original 90-day limitation period),

3

*aff'd*, 199 F.3d 1313,  1999 WL 759028, at *2 (2d Cir. Sept. 20, 1999) (table); *Obaseki*

*v. Fannie Mae*, 840 F.Supp.2d 341, 345 (D.D.C. 2012) ("[E]ven if the EEOC purports to

revoke the right to sue letter, according to the EEOC's regulations, that revocation is

ineffective if made after the ninety day elapses").  Moreover, this court has no authority

to extend the 90-day period within which to commence a Title VII action following

issuance of an EEOC right to sue letter as required by § 2000e-5(f)(1).  *See Phillips v.*

*Merchant Ins. Grp.*, 1995 WL 760732, at *2 (N.D.N.Y. Dec. 13, 2005), *mod. on other*

*grounds*, 104 F.3d 349 (2d Cir. 1996).  Thus, regardless of any conversations between

Plaintiff and Mr. Thompson, or other EEOC staff, as to the effect of the EEOC's intent to

reconsider its dismissal of Plaintiff's administrative charge, the instant action, if

withdrawn, as Plaintiff requests, will be time-barred thereby rendering futile Plaintiff's

request that Plaintiff's withdrawal of this action to abide the EEOC's reconsideration to

permit a later refiling of the action in this court.  Accordingly, as the court cannot grant

Plaintiff's motion, Plaintiff's motion is DENIED.  The court notes that such disposition is

consistent with Plaintiff's request as stated in Plaintiff's Affidavit that her case be

adjourned pending the EEOC's further actions.  Plaintiff's Affidavit ¶ 1 ("I should have

requested and am now requesting  . . .  that my case be adjourned or to extend this

action based upon or contingent upon the pending EEOC investigation.")

    Additionally, given that Plaintiff's motion will be denied, and the action will

therefore proceed in this court, an award of attorneys' fees incurred by Defendants in

responding to Plaintiff's motion as Defendants request ("Defendants' request"),

Defendants' Memorandum at 5, is unwarranted and, as such, Defendants' request is

DENIED.

In light of this required action by the court, the court shall proceed to enter a case management order pursuant to Rule 16(b) following a conference with the parties.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 15) is DENIED; Defendants' request is DENIED.

The parties shall appear before the undersigned on **July 22, 2015 at 11:30 a.m.** for a conference pursuant to Rule 16(b) to discuss and enter a case management order to schedule further proceedings for the case.  Plaintiff may, if Plaintiff wishes, renew her request (Doc. No. 3) for appointment of counsel prior to or at that time.   Should Plaintiff wish to request a stay of further proceedings in this action pending the EEOC's reconsideration of its dismissal of Plaintiff's administrative charge, Plaintiff shall do so by motion and notice to Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  June 3, 2015
        Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).